**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NORMA MORALES**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-22-CV-00467-MAT |
| | § | |
| **MARTIN O'MALLEY,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION**[1] | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Norma Ana Morales ("Plaintiff") appeals from a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. On March 7, 2023, the parties consented to the transfer of the case to this Court for determination and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the Court will **VACATE** the Commissioner's decision and **REMAND** this case for further proceedings consistent with this opinion.

**I. BACKGROUND & PROCEDURAL HISTORY**

On October 14, 2020, Plaintiff applied for disability insurance benefits, alleging disability beginning April 6, 2020. Tr. of Admin. R. at 13 [hereinafter, "Tr."], ECF No. 8. She alleged disability due to the following injuries or conditions: "Stage 2 Breast Cancer Remission, Heart Problem, Both Hands Problem, Degenerative Disc Disease – Disc Herniation (lower back), [and]

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit.

Right Knee Problem." *Id.* at 118. At the time of the application, Plaintiff was 60 years old, defined as a person closely approaching retirement age. *Id.* at 117. Plaintiff completed her high school education and three years of college. *Id.* at 305. In the past, she worked in quality assurance and as an administrative assistant. *Id.* at 305; Pl.'s Br. 10, ECF No. 17. On February 26, 2021, Plaintiff's claims were denied, and again upon reconsideration on July 1, 2021. Tr. at 13. Administrative Law Judge ("ALJ") Janice L. Holmes held a hearing by telephone on March 2, 2022, and later issued a decision denying Plaintiff's claims on March 25, 2022. Tr. at 13-20. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on October 31, 2022. Tr. at 1-4. The ALJ's decision became the final decision of the Commissioner at that time. Plaintiff now seeks judicial review of the decision.

## II.   DISCUSSION

### A.   Standard of Review

Judicial review of the Commissioner's decision is limited to a determination of whether (1) the Commissioner's final decision is supported by substantial evidence on the record and (2) the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). In applying the "substantial evidence" standard, "the court scrutinizes the record to determine whether such evidence is present," *id.*, but it may not "try the issues *de novo*" or "reweigh the evidence," *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). "[N]or, in the event of evidentiary conflict or uncertainty," may the court substitute its judgment for the Commissioner's, "even if [it] believe[s] the evidence weighs against the

Commissioner's decision." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).  "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508.

Generally, "[w]here . . . the Secretary has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial." *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989).  However, even if the ALJ commits legal error, "remand is warranted only if the . . . error was harmful." *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (unpublished) (citing *Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009)); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required.  This court will not vacate a judgment unless the substantial rights of a party have been affected.").  "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).  It is plaintiff's burden to show prejudice or harm from the error.  *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

**B. Evaluation Process**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i).  In evaluating a disability claim, the ALJ follows a five-step sequential process to determine whether: (1) the claimant is presently engaged in substantial gainful employment; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or medically equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant

from doing past relevant work; and (5) the impairment prevents the claimant from performing other substantial gainful activity.  20 C.F.R. § 404.1520(a)(4); *Salmond*, 892 F.3d at 817.

Between steps three and four, the ALJ determines the claimant's "residual functional capacity" ("RFC").  20 C.F.R. § 404.1520(e).  The RFC "is the most [Plaintiff] can still do despite [their] limitations." *Id.* § 404.1545(a)(1).  The ALJ determines the RFC by examining "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).  The ALJ then uses the Plaintiff's RFC in making determinations at steps four and five.  *Id.* § 404.1520(e).

"[A]n individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).  Thus, the claimant carries the burden of proof through the first four steps. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).  If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987).  If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* at 1302.

## C.  The ALJ's Findings

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 6, 2020, her alleged disability onset date.  Tr. at 15.  At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease with facet arthropathy of the lumbar spine, carpal tunnel syndrome, and history of breast cancer status post lumpectomy and removal of lymph nodes with residual effects." *Id.*  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. at 16.

> Next, the ALJ found that Plaintiff retained the RFC:
>
> to perform sedentary work as defined in 20 CFR 404.1567(a), lifting/carrying 10 pounds occasionally and less than 10 pounds frequently, standing/walking 2 hours in an 8 hour day, sitting 6 hours in an 8 hour day, occasionally climbing ladders/ropes/scaffolds, frequently climbing ramps/stairs, stooping, kneeling, crouching, and crawling, and frequently fingering with the dominant right hand.

*Id.*  At the fourth step, the ALJ concluded that Plaintiff "is capable of performing past relevant work as an administrative assistant as generally performed, with the residual functional capacity set forth above."  Tr. at 19.  Additionally, the ALJ noted the vocational expert's testified that Plaintiff's "past work as a quality control manager … is classified as light, [with a specific vocational preparation ("SVP")] of 8 in accordance with the *Dictionary of Occupational Titles*, and is classified as heavy, as actually performed." *Id.* Therefore, the ALJ determined, Plaintiff was not disabled under the Social Security Act from April 6, 2020 (her alleged disability onset date), through March 25, 2022 (the date of the ALJ's decision).  Tr. at 20.

**D.  Analysis**

Plaintiff raises one issue for the Court.  Pl.'s Br. at 10.  Plaintiff alleges the ALJ erred when making her step four finding because the decision was not supported by substantial evidence where the ALJ improperly assessed Plaintiff's past relevant work. *Id.* at 10-14.  At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as an administrative assistant.  Tr. at 19.

*1. Plaintiff Did Not Waive Her Claim*

The Court first addresses the Commissioner's preliminary argument that Plaintiff waived the issue regarding past relevant work because she did not argue against the classification during

the administrative hearing on March 2021.  Comm'r's Br. at 1, 4-7.  The Commissioner states "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the [Dictionary of Occupational Titles], and then present that conflict as reversible error …," quoting *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). The Commissioner also states that the ALJ noted in her decision that prior to the administrative hearing, "Plaintiff's attorney requested that the record be left open for 30 days … for potential post-hearing arguments concerning the vocational expert testimony….  [However,] the request did not state any specific claim or issue, … [so] the ALJ declined to hold the record open."  Comm'r's Br. at 4.

Plaintiff asserts she did not waive judicial review of the issue because she presented it to the Appeals Council in her request for review.  Pl.'s Reply Br. at 1.  Additionally, Plaintiff notes that "the ALJ issued the Plaintiff's determination significantly close to the date of the hearing, which did not allow for any time between the hearing and determination for Plaintiff to submit objections to the testimony … or to even gain access to the hearing audio."[2]  *Id.*  Moreover, Plaintiff contends that "precedent demonstrates she need not have raised the issue at all prior to this review." *Sims v. Apfel*, 530 U.S. 103, 105 (2000) (holding that issue exhaustion was not required in a claimant's request for review before the SSA's Appeals Council); Pl.'s Reply Br. at 2.

No statute or regulation requires administrative exhaustion in Social Security cases. Neither the Supreme Court nor the Fifth Circuit has required exhaustion.  Notably, in *Sims*, the Supreme Court held claimants are not required to raise an issue before the Social Security Appeals Council to preserve the challenge in federal court.  *Sims v. Apfel,* 530 U.S. at 103 (O'Connor, J., concurring in part and concurring in judgment).  The *Sims* Court, however, did not

---
[2] The telephone hearing was held on March 2, 2022 and the decision was made on March 25, 2022.

answer the question whether "a claimant must exhaust issues before the ALJ" – the issue in this matter. *Id.* at 107.

The Supreme Court has addressed this question as it related to an Appointments Clause challenge. *See Carr v. Saul*, 593 U.S. 83, 90 (2021). In *Carr*, the Court held it was inappropriate to judicially impose an issue-exhaustion requirement on Social Security disability benefits claimants' challenges to the appointments of administrative law judges who heard their benefits claims. *Id.* The Court further emphasized that the courts of appeals "erred in imposing an issue exhaustion requirement on petitioners' Appointments Clause claims" where "taken together, the inquisitorial features of SSA ALJ proceedings, the constitutional character of petitioners' claims, and the unavailability of any remedy make clear that 'adversarial development' of the Appointments Clause issue" did not exist in petitioners' ALJ proceedings. *Id.* at 96.

Recently, a district court addressed Appointment Clause challenges in a Social Security appeal, and discussed the question of exhaustion at the ALJ level. *See Bland v. Comm'r of Soc. Sec.*, No. 6:18-CV-635-JDK-JDL, 2020 WL 7053503, at *3 (E.D. Tex. Sept. 18, 2020). *Bland* explained that

> the [Social Security Administration "SSA"] requires the Appeals Council to grant review of timely Appointments Clause challenges to pre-July 16, 2018 ALJ decisions raised "either at the Appeals Council level, or previously [ ] raised at the ALJ level." SSR 19-1p, 84 Fed. Reg. 9583 (Mar. 15, 2019). Under this ruling, a claimant does not forfeit her Appointments Clause challenge for failure to raise it before the ALJ. And *Sims* forecloses the possibility of forfeiture at the Appeals Council level…. *Thus, the statutes, the case law, and the SSA's ruling do not impose an exhaustion requirement*.

*Id*. (emphasis added). The *Bland* court further stated the "SSA has not announced an exhaustion requirement in proceedings before the ALJ." *Id.* (citing SSR 19-1p, 84 Fed. Reg. 9582 (Mar. 15,

2019)). The regulations provide that the claimant must identify "[t]he reasons [she] disagree[s] with the previous determination or decision," 20 C.F.R. § 416.1433(a)(3), and the ALJ provides notice of the "specific issues to be decided in [the party's] case." *Id.* § 404.938(b)(1). If the claimant objects to the issues, she must "notify the administrative law judge in writing at the earliest possible opportunity." *Id.* § 404.939. This objection requirement is not an exhaustion prescription. *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020) (finding no statutory exhaustion requirement).

Finally, the Court notes that the administrative review process is conducted in "an informal, non-adversarial manner." 20 C.F.R. § 416.1400(b). SSA ALJ's have the duty to investigate and "develop the facts fully and fairly relating to an applicant's claims for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

While Plaintiff's counsel in this matter did not cross examine the vocational expert regarding his hypotheticals at the time of the hearing, the Court is not persuaded that the Plaintiff was required to exhaust all arguments at the ALJ hearing, and finds no persuasive legal support to conclude that doing so is a legal requirement. Specifically, the Court notes that Plaintiff took steps to preserve the issue. First, Plaintiff requested for the record to remain open for thirty days for potential post-hearing arguments concerning the vocational expert testimony. Tr. at 4. Second, the Plaintiff did in fact raise the issue to the Appeals Council. Tr. at 420-21. Additionally, the length of time Plaintiff had worked as an administrative assistant was not clear from the record. Therefore, as the Court will explain below, Plaintiff's claim does warrant reversal of the Commissioner's decision because it is not supported by substantial evidence. Considering these factors, the Court concludes that Plaintiff did not waive her claim by not objecting to the vocational expert's testimony during the hearing.

### *2. Past Relevant Work*

Plaintiff asserts her job as an administrative assistant cannot qualify as past relevant work because the past job failed to meet the definition of past relevant work. Pl.'s Br. at 10-11. Specifically, Plaintiff alleges she "did not perform the job long enough to learn it according to Agency standards." *Id.* Plaintiff states the vocational expert classified her employment at Red Mountain Holding Company as an administrative assistant–a sedentary position with a specific vocational preparation ("SVP") of 7. *Id.* at 12. Because the position carried an SVP of 7, Plaintiff asserts "it required over two years up to and including four years" to sufficiently learn how to perform the job. *Id.* at 11. Yet, Plaintiff explains, "Plaintiff's detailed earnings report demonstrates that … [she performed] this work from May 2010 to December 2011… and thus could not have performed the job for over 2 years." *Id.* at 12. Further, Plaintiff contends, the ALJ "never inquired from the [vocational] expert or addressed in the determination if other factors such as education were taken into account in making [her] determination." *Id.* at 13. Finally, Plaintiff argues that this error is not harmless because "given the Plaintiff's age and sedentary RFC, her inability to perform her past work at step 4 would have resulted in a finding of disability pursuant to the Medical-Vocational Guideline Rules." *Id.*

The Commissioner responds that the ALJ properly assessed Plaintiff's past relevant work because she relied on the vocational expert's testimony. Br. in Supp. of Comm'r's Decision 3 [hereinafter, "Comm'r's Br."], ECF No. 19. The Commissioner adds that "during the administrative hearing, the vocational expert testified that Plaintiff had past relevant work (PRW) that included the job of administrative assistant … [and] Plaintiff's attorney did not argue against this classification." *Id.* at 1. Further, the Commissioner contends that the Dictionary of Occupational Titles ("DOT") "explains that SVP also includes educational experience, such that

a four-year college curriculum is equivalent to two years of SVP." *Id.* at 2. Therefore, the Commissioner alleges, Plaintiff's three years of college, "the equivalent of at least one year of SVP… combined with [Plaintiff's] 20 months of work" as an administrative assistant "more than met the SVP 7 durational requirement. *Id.*

The regulations state that if the Plaintiff "can still do [their] past relevant work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(a)(4)(iv). To determine whether work qualifies as past relevant work, there are three requirements: (1) the work must have been performed within the last 15 years ("relevant time period"), (2) the work must have lasted long enough for the person to learn to do it ("duration requirement"), and (3) the work must be considered substantial gainful activity ("earnings requirement"). *See Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014) (quoting SSR 82-61, 1982 WL 31387, at *1 (S.S.A. Jan. 1, 1982)); *see also* 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a).

(a) <u>Relevant time period</u>

The fifteen-year period is measured from the time of adjudication, or, if the claimant's date last insured has expired, the date claimant was last insured. *See* 20 C.F.R. § 404.1565(a); SSR 82-62, 1982 WL 31386, at *2 (S.S.A. Jan. 1, 1982); *Craven v. Berryhill*, No. 4:18-CV-00008-Y-BP, 2018 WL 4658530, at *4 (N.D. Tex. Sept. 11, 2018), *report and recommendation adopted*, No. 4:18-CV-008-Y, 2018 WL 4637285 (N.D. Tex. Sept. 27, 2018). In this case, Plaintiff's insured date has not expired. Tr. at 15. Thus, the fifteen-year period will be measured from July 1, 2021, her date of adjudication at the reconsideration level. Tr. at 13. Plaintiff was an administrative assistant from May 2010 to December 2011. Pl.'s Br. at 12. Therefore, Plaintiff's administrative assistant position is within the relevant time period to be considered past relevant work.

(b) Duration requirement

Social Security Ruling ("SSR") 82–62 states that, as to the duration requirement, the work experience should have been of adequate duration "for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation." SSR 82-62, 1982 WL 31386, at *2 (S.S.A. Jan. 1, 1982). "The length of time for this depends on the nature and complexity of the work." *A.K.T. (XXX-XX-XXXX) v. U.S. Com'r Soc. Sec. Admin.*, No. 09-CV-0680, 2010 WL 3035496, at *1 (W.D. La. Aug. 3, 2010). The regulations state that to evaluate whether a Plaintiff can do past relevant work, an ALJ may "use the services of vocational experts … or other resources, such as the Dictionary of Occupational Titles ("DOT")." 20 C.F.R. 404.1560 (b)(2).

> The DOT contains a comprehensive list of jobs throughout the United States with detailed descriptions of the requirements of each job. For each job, the DOT sets forth the specific vocational preparation ("SVP"), which refers to the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." An SVP of 7, which is required in the administrative assistant position, is defined as "over 2 years and up to and including 4 years." DOT, app. C.

*Christensen v. Comm'r, Soc. Sec. Admin.*, No. 4:21-CV-648-P, 2022 WL 3905491, at *4 (N.D. Tex. Aug. 1, 2022), *report and recommendation adopted*, No. 4:21-CV-0648-P, 2022 WL 3928395 (N.D. Tex. Aug. 30, 2022) (internal quotation and citations omitted).

In this case, Plaintiff challenges that she did not perform her past position as an administrative assistant long enough for it to be considered past relevant work. Pl.'s Br. at 11. Specifically, Plaintiff asserts that her three years of college education with "such a remote and generalized curriculum offers little vocational impact towards the ability to return to such work." Pl.'s Reply Br. 3, ECF No. 20. Plaintiff adds that she completed her three years of college in

1995—"15 years before she performed the relevant past job briefly in 2010, and 27 years before the hearing." *Id.* However, the fifteen-year requirement of past relevant work relates to the relevant time period requirement and not the duration requirement.

Pursuant to the terms of the SSA's Program Operations Manual System ("POMS")[3] DI 25005.015(c), "[i]f the claimant performed work that had a continuity of skills, knowledge, and work processes with another job, consider that work when determining if the claimant did the work long enough to learn it, even if the work was outside the relevant period." 2011 WL 4753471 (2022). *See also* SSR 82-62, 1982 WL 31386, at *2. Therefore, Plaintiff's college education, although done in 1995 and outside the relevant time period, may support a continuity of skills argument to satisfy the duration requirement for an SVP of 7. *See* Defendant's Exhibit A (stating that SVP may be acquired in a school environment).

> However, the regulations also state:
>
> [t]he importance of your educational background may depend upon how much time has passed between the completion of your formal education and the beginning of your physical or mental impairments and by what you have done with your education in a work or other setting. *Formal education that you completed many years before your impairment began*, or unused skills and knowledge that were a part of your formal education, *may no longer be useful* or meaningful in terms of your ability to work.

20 C.F.R. § 404.1564(b)(emphasis added).

Plaintiff argues that the three years she spent in college included such "remote and generalized education [it] would contribute minimal to no vocational impact in regards to the specialized skills required of an SVP 7." Pl.'s Reply Br. at 3. The Commissioner argues that

---

[3] "POMS are not binding on the Commissioner, but they may be viewed as binding on an ALJ in a case that falls squarely within one of the provisions." *Bettery v. Comm'r of Soc. Sec.*, No. 14-03321, 2015 WL 4742296, at *8 n.9 (W.D. La. Aug. 10, 2015). "Generally, a court defers to POMS provisions unless it determines that they are arbitrary, capricious, or contrary to law." *Taylor v. Saul*, No. 4:18-CV-00765-O-BP, 2019 WL 4667515, at *4 (N.D. Tex. Sept. 25, 2019)

DOT Appendix C allows for higher education to shorten the required training time to learn a particular job.  Comm'r's Br. at 5.

The Commissioner relies on *Sanders v. Astrue* to bolster this argument.  *Sanders v. Astrue*, No. 4:12-CV-2913, 2014 WL 6965038 (S.D. Tex. Dec. 8, 2014).  In *Sanders*, the court held that when taking into account plaintiff's one year of college education, her previous work as a car rental clerk, and her eleven years as a reservation agent, there was sufficient evidence to support a finding that plaintiff's work as a secretary at a car dealership was past relevant work.  *Id.* at 10.  The *Sanders* court focused on the issue of transferability of past relevant skills, including secretarial skills, to clerical skills because the ALJ in that case found at *step five* that plaintiff's work as a secretary was past relevant experience that was transferable to other occupations involving clerical skills.  *Id.* at 10-11.

Plaintiff's circumstances and argument are distinguishable from *Sanders*.  The district court decision in *Craven v. Berryhill* is instructive in showing how the instant case is distinguishable from *Sanders*.  *Craven v. Berryhill*, No. 4:18-CV-00008-Y-BP, 2018 WL 4658530, at *5 (N.D. Tex. Sept. 11, 2018), *report and recommendation adopted*, No. 4:18-CV-008-Y, 2018 WL 4637285 (N.D. Tex. Sept. 27, 2018).

> "While a step five determination involves past work experience, a step four analysis focuses on whether the claimant's impairment prevents her from returning to past relevant work.  In step five, past relevant work experience is a factor to consider amongst several other factors such as the claimant's RFC, age, and education.  Accordingly, a step four analysis is much narrower while a step five analysis is broader in scope and incorporates several factors."

*Id.* (internal citations omitted).  "The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.  Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves

the issue as clearly and explicitly as circumstances permit." SSR 82-62, 1982 WL 31386, at *3-4.

The inquiry here is whether the ALJ applied the correct legal standard and whether substantial evidence in the record as a whole supports the ALJ's decision. *Craven*, 2018 WL 4658530, at *5 (citing *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2018)).

> The plaintiff bears the burden of proof at step four. Although [the plaintiff] bears the burden at step 4, and even considering that an ALJ is not required to explicitly detail what evidence is considered in reaching his finding, the ALJ's analysis must be sufficient to show whether the plaintiff carried the burden. Merely asserting that the plaintiff worked long enough at one job without any explanation is insufficient.

*Benjaman v. Comm'r, SSA*, No. 422CV00083ALMCAN, 2023 WL 1093886, at *5 (E.D. Tex. Jan. 10, 2023), *report and recommendation adopted*, No. 4:22-CV-83, 2023 WL 1073695 (E.D. Tex. Jan. 27, 2023) (internal citations omitted). To support her finding that Plaintiff's work as an administrative assistant qualified as past relevant work, the ALJ noted the vocational expert "testified claimant is able to perform past relevant work … That work was performed at the level of substantial gainful activity within the past 15 years." Tr. at 19. The vocational expert, however, did not opine whether Plaintiff had worked for a sufficient amount of time to adequately learn the skills of an administrative assistant. The DOT describes the job of an administrative assistant as one who "[a]ids executive in staff capacity by coordinating office services, such as personnel, budget preparation and control, housekeeping, records control, and special management studies: Studies management methods in order to improve workflow, simplify reporting procedures, or implement cost reductions…." *See* Dictionary of Occupational Titles, 169.167-010.

Presumably, the ALJ took into account Plaintiff's three years of college education, but the ALJ did not discuss Plaintiff's education in her decision, nor was it discussed at the hearing.

The ALJ's sole reliance on the vocational expert's testimony is not substantial evidence that Plaintiff's past work as an administrative assistant is past relevant work. Certainly, the very brief period of time that the Plaintiff worked as an administrative assistant was not discussed by the vocational expert, who only testified generally that the Plaintiff had worked as an administrative assistant. The Court is not persuaded that Plaintiff meets the duration requirement of her position as an administrative assistant based solely on her twenty months on the job and three years of a general college education many years before. Thus, the Court finds that the ALJ erred in finding at step four that Plaintiff could perform her past relevant work as an administrative assistant, and remand is required for further consideration on this point.

      (c) <u>Earnings Requirement</u>

Finally, the third requirement to determine whether work qualifies as past relevant work, is that the work must be considered substantial gainful activity ("SGA"). SGA is defined as "work activity involving significant physical or mental abilities for pay or profit." *Newton*, 209 F.3d at 452; 20 C.F.R. § 404.1572. Here, the ALJ noted in her decision that Plaintiff's work as an administrative assistant "was performed at the level of substantial gainful activity." Tr. at 19. Further, the ALJ cited to Plaintiff's Exhibits 9D and 5E which detailed Plaintiff's earnings as an administrative assistant. *Id.* Plaintiff does not argue against this classification. Notably, Plaintiff also notes that her earnings as an administrative assistant were $24,873 in 2010, and $31,300 in 2011. Pl.'s Br. at 12. Therefore, the Court finds that Plaintiff's past work as an administrative assistant was substantial gainful activity.

In summary, Plaintiff's past position as an administrative assistant meets two of the three requirements necessary to be considered past relevant work. Plaintiff's position is within the relevant time period and the work was substantial gainful activity. However, Plaintiff's job as an

administrative assistant from March 2010 to December 2012 is not long enough to satisfy the SVP 7 duration requirement of an administrative assistant.  Therefore, the Court finds that there is not substantial evidence in the record to support a finding that Plaintiff's job constituted past relevant work.  Whether Plaintiff can perform her past relevant work is critical to the ultimate disability finding in this case.  "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).  Here, the ALJ had credited the vocational expert's opinion and concluded that "since there is a finding that claimant can return to past relevant work … the issue of job sources and numbers is not of significant relevance in the decision" and found Plaintiff was not disabled.  Tr. at 19-20.

Because the ALJ's determination that Plaintiff could return to past relevant work is not supported by substantial evidence, the conclusion that she is not disabled is also not supported by substantial evidence.

### III.  CONCLUSION

For these reasons, the Court finds the decision of the Commissioner that Plaintiff is not disabled is **VACATED** and this case be **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to 42 U.S.C. § 405(g).

**SIGNED** and **ENTERED** this __26th__ day of March, 2024.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**